# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  December 19, 2022

| | |
|---|---|
| * * * * * * * * * * * * * * | UNPUBLISHED |
| MANDY BANGERTER, *parent* * | |
| *and next friend of* D.B., *a minor,* * | No. 15-1186V |
| * | Special Master Horner |
| Petitioner, * | |
| * | |
| v. * | |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * | |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
*Julia M. Collison*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 13, 2015, Mandy Bangerter ("petitioner"), on behalf of her minor child D.B., filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012).[2] Petitioner alleged that D.B. suffered infantile spasms following his receipt of various childhood vaccinations on February 14, 2014. (ECF No. 1). On January 18, 2022, I issued my decision denying entitlement. (ECF No. 115).

On May 17, 2022, petitioner filed an application for attorneys' fees and costs. (ECF No. 120) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $139,099.57, representing $82,412.36 in attorneys' fees and $56,687.21 in costs. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**.  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.  Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

pursuit of this litigation. Fees App. at 105. Respondent filed a response on May 19, 2022, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 121). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a.   Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Richard Gage, $299.64 per hour for work performed in 2014, $300.00 per hour for work performed in 2015, $311.00 per hour for work performed in 2016, $318.00 per hour for work performed in 2017, $326.00 per hour for work performed in 2018, $338.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020, $362.00 per hour for work performed in 2021, and $393.00 per hour for work performed in 2022; and for Ms. Kristen Blume, $251.00 per hour for work performed in 2018, $355.00 per hour for work performed in 2021, and $386.00 per hour for work performed in 2022. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work, and I find them to be reasonable for work performed in the instant case.

### b.  Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at \*9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at \*26.

Upon review, the overall number of hours billed appears to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. I do not find any of the entries to be objectionable, nor has respondent identified any as such. Petitioner is therefore awarded final attorneys' fees of $82,412.36.

### c.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $56,687.21 in attorneys' costs. This amount is comprised of acquisition of medical records, the Court's filing fee, postage, photocopies, work performed by petitioner's medical experts, Dr. Marcel Kinsbourne and Dr. Karen Harum, and the cost of the entitlement hearing transcript. Petitioner has provided adequate documentation supporting the requested costs and the requested costs are largely reasonable in the undersigned's experience. However, the amount requested for photocopies ($0.25 per page) is in excess of what the Court has traditionally reimbursed for copies and prints ($0.20 per page). *See, e.g., Mitchell v. Sec'y of Health & Human Servs.*, No. 16-759V, 2020 WL 5543736, at \*2 (Fed. Cl. Spec. Mstr. Aug. 14, 2020). Application of this rate to the photocopies in the instant case results in a reduction of $682.35. Petitioner is therefore awarded final attorneys' fees of $56,004.86.

## II.  Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is

reasonable. I find it reasonable to compensate petitioner and his counsel as follows: **a lump sum in the amount of $138,417.22, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, Mr. Richard Gage.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).